UNION INSURANCE SOCIETY OF CANTON *v.*
DESALVO ET AL.

*Automobile insurance—Limitation of liability for fire loss— Inapplicable to collision coverage, when.*

Where an original automobile insurance policy is issued, cov-ering loss by fire only, with a premium of $5.50 and a $1,000 limit of recovery, to which is attached a rider providing for full coverage for accidental collision and an additional premium of $62 for such coverage, the rider will be read into the policy and construed as a part of the contract, and in case of accidental collision the damage recoverable is not limited to $1,000.

(Decided March 26, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Dornette & Dornette; Mr. W. A. Rinck-hoff* and *Mr. Abraham Lepins,* for plaintiff in error.

*Messrs. Harmon, Colston, Goldsmith & Hoadly* and *Mr. Edwin G. Becker,* for defendant in error.

BY THE COURT. This action was brought in the

court of common pleas of Hamilton county to recover on a policy of insurance.

It was claimed by the insurance company that it issued the one thousand dollar policy, containing a one hundred dollar deductible provision, and that the limit of recovery was $1,000.

The original policy was for loss by fire only. The amount of the premium paid was $5.50 for that insurance. Attached to the policy was a rider for accidental collision. There was an additional premium of $62 paid for this provision.

The rider contained the provision for full coverage by accidental collision.

The record discloses that the machine cost $6,000. The jury found that the damage to the machine by accidental collision amounted to $3,-308.75, and returned a verdict for that amount. Judgment was entered on this verdict.

The rider provided for loss other than by fire, and will be read into the policy. The fire loss under the policy was limited to $1,000. The rider providing for full coverage was insurance for the amount of damage suffered by accidental collision. The rider so provided, and the full premium for such insurance was paid. It became a contract. The parties were bound by their contract.

We do not find any prejudicial error in the record.

*Judgment affirmed.*

CUSHING, BUCHWALTER and HAMILTON, JJ., concur.